# Craft v. Wilcox *et als.*

*Bill in Equity to set aside Couveyance as Fraudulent.*

1. *Voluntary conveyances; when void as to subsequent creditors.*—Voluntary conveyances or those entered into with a fraudulent intent can be avoided by subsequent creditors only upon averment and proof of actual fraud ; that it was executed by both parties with a fraudu-intent, and for the fraudulent purpose of defeating subsequent creditors in the collection of their claims.

2. *Fraudulent conveyances; when bill contains equity.*—Where a bill, filed by a judgment creditor to set aside as fraudulent certain conveyances, avers that the mortgage of the debtor was "without valuable consideration, false, simulated and fictitious ; that the grantee had notice of the fraudulent intent of the grantor and aided the purpose and intent to defraud future creditors ;" that after the complainant's claim was reduced to judgment the members of the debtor firm and others formed a corporation, and the property of the firm was sold to said corporation for stock subscribed, subject to the alleged fraudu-

[Craft v. Wilcox *et als.*]

lent mortgage; that nothing was paid by the subscribers, that the corporation became insolvent and sold its property to M., who subsequently transferred his interest therein to G. and S., who are in possession; that neither M. nor G. and S. paid any consideration, but bought with knowledge of the corporation's insolvency, and its intent to hinder and defraud complainant,—such bill avers actual fraud, and is not demurrable for the want of equity.

3. *Same; multifariousness.*—A bill to reach property fraudulently conveyed by a debtor into the hands of a subsequent creditor, is not multifarious if it joins as defendants the debtor and all persons through whom his title to the property has been conveyed, as well as the present holders.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant, John Craft against G. W. Wilcox & Co., and others, and seeks to have set aside as fraudulent and void certain conveyances of property which formerly belonged to G. W. Wilcox & Co., and to subject said property to the payment of a judgment recovered by the complainant against Wilcox & Co. The facts averred in the bill are sufficiently stated in the opinion. The respondent demurred to the bill, on the grounds of the want of equity, and multifariousness. The chancellor sustained the demurrer. The complainant appeals, and assigns this decree as error.

RICHARDSON & REESE, for appellant.

FARNHAM & CRUM, *contra.*

COLEMAN, J.—The case comes up from a decree, sustaining a demurrer to the bill.

The bill was filed by John Craft as a creditor of G. W. Wilcox & Co., and it seeks to have set aside and annulled a mortgage of certain property executed by the debtors to W. D. Brown & Co., and several subsequent grants of the same property. All of said grantees are made parties defendant. The mortgage to W. D. Brown & Co., which is assailed as fraudulent and void, was executed and duly filed for record on the 5th of June, 1890. On the 5th of August, 1890, two months subsequent to the execution of the mortgage and its registration, complainant's debt was contracted. The bill is filed in the

name of John Craft, and on behalf of all other creditors who may come in and make themselves parties complainants. It is averred generally that there were existing creditors at the date of the mortgage, but no particular debt is mentioned and no creditor named and none have come in and requested to be made parties complainant. The bill must be considered at present without reference to any other creditors, if there be such. Voluntary conveyances, or where entered into with a fraudulent intent, are valid between the parties, and can be avoided by a subsequent creditor only upon averment and proof of · actual fraud, that it was executed with fraudulent intent and for the fraudulent purpose of defeating subsequent creditors in the collection of their claim.—*Seals v. Robinson & Co.*, 75 Ala. 363 ; 3 Brickell Dig. 515, § 119.

The bill charges that the mortgage was "without valuable consideration, false, simulated and fictitious, that the grantee had knowledge of the fraudulent intent of the grantor, and aided the purpose and the intent to defraud future creditors." The averments are sufficient on this point. There is a statement in the bill, not altogether in harmony with the averment, and that is, that the mortgagors "have paid on said indebtedness an amount exceeding three thousand dollars, but that W. D. Brown & Co. claim there is a large balance yet due," which complainant denies ; but we are not called upon to consider this question, if it merits consideration. Complainant's claim was reduced to judgment October 15th, 1890. Subsequent to this, 16th of November, 1890, G. W. Wilcox, John Whyte, Caroline Whyte, who compose the firm of G. W. Wilcox & Co., and David Corbett and Charles Cummins were incorporated as the Peach Bloom Lumber Company. The bill avers that subject to the mortgage to W. D. Brown & Co., the mortgaged property was sold and transferred to the corporation in payment of the stock subscribed, that in fact nothing was paid for it by any of the subscribers to stock or corporators or corporation, and that this was done to hinder, delay and defraud complainant, by the members of the · firm of Wilcox & Co., "which was known to the other subscribers for stock and corporators, that they participated in the fraud and aided in the fraudulent purpose." The bill avers that the corporation was insolvent, and ceased to do business and sold out the property to J. W.

[Craft v. Wilcox *et als.*]

Meyers, who subsequently transferred his interest therein to Wallis Glover and W. H. Stewart & Son, and that Wallis Glover and W. H. Stewart are now in the possession of the property, controlling and claiming it. The bill avers that neither Meyers nor Glover and Stewart & Son, nor Stewart "paid any valuable consideration to said corporation, and that said purchase was on credit, with the knowledge of the insolvency of the corporation, and that the sale was made to hinder, delay and defraud complainant. It does not charge that the grantees from the insolvent corporation participated in the fraudulent intent. A voluntary grantee from a fraudulent grantee can not claim to be an innocent purchaser. The fraud of his grantor will be visited upon him. The rights of an innocent grantee in property, who purchased from a fraudulent grantor upon a credit, and becomes bound for the purchase money, is not raised by the demurrer, nor is the want of consistency in these averments presented. See *Pickett v. Pipkin*, 64 Ala. 520 ; *Seals v. Robinson*, 75 Ala. 363 ; *McGhee v. Imp. Co.*, 93 Ala. 192. The specific grounds of demurrer are : 1st. That the bill is multifarious ; 2d. There is no equity in the bill inasmuch as it appears that the mortgage was executed prior to the contract of the debt of the complainant.

The whole purpose of the bill is to reach and condemn certain property conveyed by the debtor, to the satisfaction of complainant's debt. The property is traced through several successive grantees to the present holders. The conveyances to the mortgagees and to the corporation and corporators are charged to have been made with a fraudulent intent, in which the grantees participated. Actual fraud is averred. The bill avers that the sale or transfers from the corporation, and from Myers were without consideration. The bill has equity, and is not objectionable on the grounds of multifariousness.

Reversed and remanded.