## Bowling *et al. v.* Mobile & Montgomery Railway Co.

*Statutory Action of Ejectment.*

1. *Appeals; when there should be a severance in the assignments of error.*—Where, from a judgment rendered against two or more defendants, an appeal is taken, and in the appellate court, without moving for summons and severance, the appellants jointly assign errors, such assignment of error is not available to work a reversal of the judgment appealed from, unless the errors assigned are injurious to all. Matters which are prejudicial to only one of the appellants, will, on a joint assignment, be disregarded.

2. *Action of ejectment; adverse possession; what necessary to establish title.*—In an action of ejectment, after the plaintiff has shown prior possession under color of title, where the defendant claims title by adverse possession, without color of title, he is, as to the plaintiff, a mere trespasser; and in order to establish his title by adverse possession, in the absence of notice in the form of a written declaration, filed in the office of the judge of probate of the county in which the land lies, as provided by the act approved February 11, 1893, (Acts of 1892-93, p. 478), he

[Bowling *et al.* v. Mobile & Montgomery Railway Co.]

must show an actual possession of the whole property under a color of ownership for ten years prior to February 11, 1893.

3. *Same; what necessary for plaintiff's recovery in action against trespassers.*—Where the defendants in an action of ejectment are trespassers, the plaintiff can recover upon proof of prior, actual possession, and such possession is sufficiently shown by evidence of the actual possession of the part of the tract sued for under color of title describing the whole.

4. *Same; same; burden of proof.*—In an action of ejectment against trepassers who claim title by adverse possession, where the plaintiff claimed actual possession of a part of a tract and introduces in evidence deeds purporting to convey the entire tract of the land sued for, he makes out a *prima facie* case; and the burden of proof is then shifted upon the defendant to establish his title by adverse possession.

5. *Same; evidence; judicial knowledge.*—In an action of ejectment, where the complaint alleges that the land sued for is on the west bank of the Mobile river, without showing by a specific averment that it is in Mobile county in this State, the judgment rendered in said case in favor of the plaintiffs is not void on account of the failure of the complaint to show that the lands sued for were in Mobile county; since the court judicially knows that the Mobile river is formed by the junction of the Alabama and Tombigbee rivers south of the north line of Mobile county; and that, therefore, the entire county of Mobile lies west of the Mobile river.

6. *Error without injury in special rulings.*—When, on the undisputed facts of a case, the plaintiff is entitled to the general affirmative charge, any errors committed by the court in special rulings are not ground of reversal at the instance of the defendant; since such rulings could not have injured him.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a statutory action of ejectment brought by the appellee against the appellants, Kate Bowling and her husband, E. D. Bowling, to recover certain lands specifically described in the complaint. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of plaintiff, gave to the jury several writ-

ten charges, to the giving of each of which the defendant separately excepted.  The defendant also separately excepted to the court's refusal to give the several written charges requested by them.  It is unnecessary to set out these charges in detail.

There were verdict and judgment for the plaintiff. The defendant appeals, and assign as error the several rulings of the trial court to which exceptions were reserved.

SAMUEL B. BROWNE and WINFIELD S. LEWIS, for appellants.—The joint possession of land by husband and wife, held under the wife's claim of title, inures to her benefit.—*Templeton v. Twitty*, 88 Tenn. 595.   When land is bought in the husband's name with the money of the wife, his possession of it as their common home, without claim of ownership expressed to her or to one likely to inform her, is not adverse to her right to a resulting trust.—*Berry v. Wiedman*, 20 Southeastern Reporter, 817.   Possession under a claim of right is a question of fact, the existence of which is to be determined by the conduct, acts of ownership exercised over the land, and declarations of the party in possession. *Normant v. Eureka Co.*, 98 Ala. 189.   Color of title is not necessary to constitute an adverse possession of land.—*Ladd v. Dubroca*, 61 Ala. 25; *Ryan v. Kilpatrick*, 66 Ala. 332; *Smith v. Roberts*, 62 Ala. 83; *Wilson v. Glenn*, 68 Ala. 383; *Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala. 246.

Under the evidence in the case, the appellants were entitled to have the question of their suggestion of three yars' adverse possession upon the record, and the testimony as to the value of the permanent improvements submitted to the jury.   The act of February 11, 1893, does not in any manner affect the question of the right to the value of permanent improvements, as provided in section 1536 of the Code.—Code, §§ 1541 to 1546, both inclusive.   The evidence of the value of the improvements should have been admitted, as tending to show the nature and character of the possession, upon the question of adverse possession, even if the appellants were

[Bowling *et al.* v. Mobile & Montgomery Railway Co.]

not entitled to recover the value of improvements under section 1536.—*Smith v. Roberts,* 62 Ala. 83.

Under the law, a person may have such open and notorious possession, as that notice to the true owner will be presumed, even where he entered as a mere trespasser, or by permission of the true owner.—*Boykin v. Smith,* 65 Ala. 294; *Alexander v. Wheeler,* 69 Ala. 332.

GREGORY L. & H. T. SMITH, *contra.*—The undisputed evidence in this case is, that the original entries by the defendant were that of mere trespassers, and against such trespassers prior possession is sufficient to entitle the plaintiff to recover.—*Branch v. Smith,* 114 Ala. 463; *Mickel et al. v. Montgomery,* 111 Ala. 420; *Gist v. Beaumont,* 104 Ala. 350; *Payne v. Crawford,* 102 Ala. 399. And adverse possession, in order to ripen into title, must be under a claim of right with an intention to claim title.—*Hess v. Rudder,* 117 Ala. 528; *Goodson v. Brothers,* 111 Ala. 595; *Newton v. L. & N. R. R. Co.,* 110 Ala. 478; *Eureka v. Norment,* 104 Ala. 632; *Murray v. Hoyle,* 97 Ala. 588; *Robinson v. Allison,* 97 Ala. 600. The mere possession of land is not *prima facie* adverse to the true owner. All presumptions are in favor of title, and possessions are not presumed to be hostile to it, but, rather in subordination to it.—*Dothard v. Denson,* 72 Ala. 541; *Alexander v. Wheeler,* 69 Ala. 332. And the burden is on those claiming title by adverse possession to show that the owner knew that they claimed the property as their own, or the assertion of the title must have been so open and notorious as to raise the presumption that the owner knew of such claim.—*Eureka Co. v. Norment,* 104 Ala. 631; *Lucy v. Tenn. C. & R. Co.,* 92 Ala. 246. If the possession is permissive in its inception, it can not become adverse except by a clear continuous disclaimer or disavowal of title, and the assertion of a hostile title, brought home to the knowledge of the person by whom entry was made, either actually or constructively.—*Collins v. Johnson,* 57 Ala. 304; *Ponder v. Cheeves,* 104 Ala. 313; *Boykin v. Smith,* 65 Ala. 294; *Alexander v. Wheeler,* 69 Ala. 332.

TYSON, J.—This was an action in the nature of an action of ejectment brought against the defendants, appellants here, to recover the possession of certain land described in the complaint. The defendants filed a joint plea of not guilty and suggested upon the record that they had and have been in adverse possession of the land sued for, for three years next before the commencement of this suit. The appeal is prosecuted by them jointly, and the assignments of error are joint.

It is a settled rule that assignments of error made jointly by the appellants are not available unless the error is injurious to all. Matters, which are prejudicial to one of the appellants only, will be disregarded. *Kimbrell v. Rogers*, 90 Ala. 339; *Rudulph v. Brewer*, 96 Ala. 189; *Lillich v. Moore*, 112 Ala. 532; *Hillens v. Brinsfield*, 113 Ala. 304.

This controversy arose over a portion of a tract of land which the evidence, without dispute, showed was claimed by the plaintiff jointly with others, under certain deeds purporting to convey it, and the remainder of the tract of which it was a part. These deeds were executed in 1870 and 1871. It is also without dispute that after the plaintiff received these deeds, it entered upon the land and constructed its track along and over it, and that it has been continuously in possession of that part upon which lies its road-bed ever since. That in 1885, the plaintiff entered into a partition of the tract with the persons claiming to own the remaining interest and received a deed from them under which it claims the sole ownership of the portion here in controversy.

After the plaintiff had constructed its road, one of the defendants, Mrs. Bowling, who was at that time the wife of one Childs, in March, 1873, claims to have entered upon and to have taken possession of the part involved in this suit and to have remained continuously and uninterruptedly in the possession of it, claiming it as her own. Her then husband, it appears, was in the employ of the plaintiff as watchman and so continued until 1882. During this period of time he resided on the premises with his wife, and so resided there with

her until his death in 1884. It is not contended, however, that he claimed to own this land or to have been adversely holding it. On the contrary, the insistence of the defendants, and their testimony tended to support it, was, that he did not claim to own it. After his death Mrs. Bowling, then Mrs. Childs, continued to reside on the land alone with her children until her marriage with Bowling, her co-defendant, on the 31st of January, 1888. Since the marriage the two defendants have been living on the land. The testimony of the defendants tended to show that Mrs. Bowling, prior to her last marriage, claimed to own the land, and that since her marriage with Bowling, they have claimed to own it. The testimony of the plaintiff tended to show that neither of the defendants ever claimed the land as their own, but that they recognized the plaintiff as its owner. The title claimed by defendants is by adverse possession without any color of title. As against the plaintiff, they were trespassers, and in order to establish their title by adverse possession, they must show *possessio pedis* under claim of ownership for ten years prior to the eleventh day of February, 1893, in the absence of notice in the form of a written declaration filed in the office of the judge of probate of the county in which the land lies as provided by the act of February 11th, 1893.—Acts, 1892-3, p. 478. The record contains no evidence of a compliance with the provisions of this act. As the burden of proof was upon the defendants to establish their title by adverse possession, it must be presumed that they did not comply with them.

The defendants, being trespassers, the plaintiff could recover upon proof of its prior actual possession. And this was sufficiently shown by the evidence of the actual possession of a part of the tract under color of title describing the whole.—*Branch v. Smith,* 114 Ala. 464; *Mickel v. Montgomery,* 111 Ala. 420; *Payne v. Crawford,* 102 Ala. 399; *Gist v. Beaumont,* 104 Ala. 350; *Beard v. Ryan,* 78 Ala. 37. And in connection with proof of actual possession of a portion of the tract, the plaintiff may introduce in evidence a void deed to

show its claim under color of title and the extent of its possession as defined by the boundaries described in it.—*Gist v. Beaumont, supra; Beard v. Ryan, supra.* When the plaintiff made proof of actual possession of a part of the tract and introduced in evidence the deeds to it purporting to convey to it an interest in the entire tract of which the land in controversy was a part, it made out a *prima facie* case and the burden of proof was shifted upon the defendants to establish their title by adverse possession. The proof is undisputed that the defendant E. D. Bowling had been upon the land only five years and twelve days prior to February, 1893, and as against him the plaintiff was entitled to have the court charge affirmatively that it was entitled to recover. It is needless to say that he cannot tack his possession to that of his wife antedating her marriage with him.—*Robinson v. Allison*, 124 Ala. 325. These facts being undisputed, the other rulings of the court in the exclusion of evidence, which, if admitted, would not in the remotest degree have tended to produce a conflict or an adverse inference to a contrary conclusion, resulted in no possible injury to him. Nor were his rights prejudiced by the giving of the written charges requested by the plaintiff or the refusal of the written charges requested by the defendants.—*Bienville Water Supply Co. v. City of Mobile*, 125 Ala. 178; *Seymour v. Farquhar*, 93 Ala. 292.

There is no merit in the contention that the judgment is void on account of the complaint failing to show that the lands sued for are in Mobile county, State of Alabama. The court judicially knows that the Mobile river is formed by the juncture of the Alabama and Tombigbee rivers south of the north line of Mobile county, and that the entire county lies west of the river. The criticism is, therefore, without foundation in fact.

There being no error of which E. D. Bowling can complain, the defendant, Mrs. Bowling, can take nothing under the assignments of error.

The judgment must be affirmed.