# Woodruff *et al.* v. Smith.

*Bill in Equity to Set Aside Conveyance, for Account-
ing, and for Other Purposes.*

(Decided February 13th, 1902.)

1. *Appeal; joint assignments of error; error without injury.*
   Where an appeal is prosecuted by several jointly and the as-
   signments of error are joint and not several, error, which
   is injurious to one only of the appellants and not to all, will
   not authorize a reversal of the judgment or decree.

APPEAL from Perry Chancery Court.
Heard before Hon. THOMAS H. SMITH.

The bill in this cause was filed by James Q. Smith, Jr., suing by next friend, against S. E. Woodruff and others, and sought an accounting, the setting aside of a certain mortgage, and other relief.

In view of the ground upon which the opinion is based, it is not deemed material to set out the pleadings or evidence in full. The case has been once before in this court, and will be found reported in 127 Ala. 65.

SAM WILL JOHN, ED. DEGRAFFENREID, and C. E. WAL-
LER, for appellants.

PETTUS, JEFFRIES & PARTRIDGE, and J. H. STEWART, for appellee.

DOWDELL, J.—The appeal in this case is taken by S. E. Woodruff in behalf of herself and other respond-

ents. There are two errors complained of. The first is in the overruling by the chancellor of the exceptions of the respondent, S. E. Woodruff, to the report of the register. The second is in the decree of the court directing the register to execute a conveyance conveying the interest of L. W. Turpin in the lands in controversy. There is no pretense upon the part of the appellants, if error there be, of any injury thereby to any other respondent than S. E. Woodruff, and we have been unable to see wherein consists any injury in the decree of the court to any other appellants than S. E. Woodruff, even if it could be said that error existed as assigned on the record. The assignments of error are joined in by all of the appellants. Injury must result from error complained of to effect a reversal of the judgment of the court below. It is a familiar rule, and one which we cannot ignore, that where error is jointly assigned, injury must be shown as to all joining in such assignments.—*Bowling et al. v. Mobile & M. R'y. Co.*, 29 So. Rep. 584. It is manifest that no injury resulted from the errors in the decree of the court here complained of, if errors there be, as to the respondents, appellants, L. W. Turpin, and Charles E. Waller, administrator of W. J. Smith, deceased. This being true, we cannot do otherwise than affirm the decree of the chancellor appealed from.