# Killian *v.* Cox.

*Bill in Equity by Judgment Creditor to set aside Fraudulent Conveyance.*

[Decided June 28, 1902.]

1. *Appeals; joint assignments of error.*—Where an appeal is taken by several parties jointly, and the appellants jointly unite in one assignment, the judgment or decree from which the appeal is taken will be affirmed unless the assignment is good as to all.

2. *Equity pleading; averment of facts constituting consideration of conveyance sought to be set aside as fraudulent.*—Where a bill is filed by a judgment creditor to set aside a conveyance by a debtor as being fraudulent and void, the averments of the answer of the respondents are insufficient to overcome the presumption of unfairness and *mala fides* of the transaction, if properly averred in the bill, unless they are affirmative allegations of the facts relied on as constituting the consideration and are definite, clear and concise in their statements of such facts.

APPEAL from the Chancery Court of DeKalb.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, James Cox, against the appellants, G. W. Killian, Palestine Killian, Monroe H. Killian and Kenneth Killian. G.

[Killian v. Cox.]

W. Killian was a judgment debtor of the complainant. Palestine Killian was the wife of G. W. Killian and Monroe H. and Kenneth were their children.

The purpose of the bill was to set aside several conveyances of land as being fraudulent and void against the complainant, who was a judgment creditor of G. W. Killian, and to subject said lands and the stock of goods to the satisfaction of complainant's debt. The facts of the case necessary to an understanding of the case on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor granted the relief prayed for. From this decree the respondents appeal, and assign the rendition thereof as error.

DAVIS & HARALSON, for appellant, cited *Elyton L. Co. v. City Water Works,* 109 Ala. 602; *City Fur. Co. v. Simmons,* 11 Ala. 438.

HOWARD & ISBELL, *contra,* cited *Echols v. Orr,* 106 Ala. 237; *Prestwood v. Troy Fer. Co.,* 115 Ala. 668; *Dickinson v. McLarney,* 97 Ala. 383; *McDaniel v. Steele,* 87 Ala. 492; *Gamble v. Aultman,* 125 Ala. 37; *Weiss v. Levy,* 69 Ala. 209.

TYSON, J.—The bill in this cause was filed by a judgment creditor to subject several parcels of real estate, the proceeds of a tract of land and a stock of goods, alleged to have been conveyed by his debtor in fraud of creditors. One of the appellants, Kenneth Killian, is only interested in the subjection by the decree of the proceeds of the tract of land described in the ninth paragraph of the bill. It is true his brother Monroe, another appellant, has also an interest in the same matter. But the other appellant, Mrs. Killian, has none whatever. Nor has the appellant Kenneth any interest whatever in the several pieces of property subjected by the decree claimed by Mrs. Killian alone or those pieces claimed by her and Monroe jointly or in common.

The assignments of error are two in number and are joint. The first of these relates to the overruling of the demurrer to the bill. This assignment is not insisted upon in argument and is therefore waived.—3 Brick. Dig. 40, § 125.

The other assigns as error the final decree condemning the several items of property some of which is held by Mrs. Killian in severalty, others in common or jointly by her and Monroe and the proceeds of the lands described in the ninth paragraph sought to be subjected in the hands of Monroe and Kenneth.

The assignment of errors is, in effect, the complaint of the appellants in this court, and where several unite in one assignment, they encounter defeat unless the assignment is good as to all. If the error affects the appellants separately and not jointly, they should assign errors separately.—Elliott on Appellate Procedure, §§ 300, 318; 2 Ency. Pl. & Pr. 933; *Kimbrell v. Rogers*, 90 Ala. 346; *Bowling v. M. & M. R'y. Co.*, 128 Ala. 550. See also cases cited in 1st Rule of Pr. of Sup. Ct. Code, p. 1187; *Beachman v. Aurora Silver Plate Mfg Co.* 110 Ala. 555. The case last cited is directly in point.

It is shown both by the bill and the evidence that complainant's debt was in existence when the conveyance for a recited consideration of eight hundred dollars was made by the debtor to the lands described in the ninth paragraph of the bill, which it is alleged was conveyed upon a recited fictitious consideration, with the intent to hinder, delay or defraud, when the grantor was insolvent, and that his insolvency was known to the other respondents. The evidence fully establishes the insolvency of the grantor, and a knowledge of it by the other respondents. The answer of the respondents denies the fraud charged and alleges that the sale of the land was made for the purpose of paying a debt which the grantor was due one Vann on account of his suretyship for one Parish; that all the proceeds of the sale of said land were applied to the payment of the debts of the grantor, and a fair consideration paid for the land.

[Eldridge v. Grice.]

These averments, in view of the fact that the burden of proof was upon the respondents, were insufficient to overcome the presumption of unfairness and *mala fides* of the transaction. Affirmative allegation of facts relied on as constituting the consideration is as essential as satisfactory proof of their existence. Such allegation must be definite, clear and concise, in its statement of facts, in order that the complainant may be apprised of the defense he is called upon to meet. It is of no moment what the evidence proves, if the facts are not sufficiently alleged.—*Gamble v. Aultman,* 125 Ala. 372 and cases were cited.

Clearly there is no error in the decree in respect to this property.

The appellant Kenneth having no interest in the other property condemned by the decree and the assignment of error being joint, there being no error of which he can complain, the decree must be affirmed.