# Brasher *v.* Shelby Iron Company.

*Trespass for Cutting Trees.*

[DECIDED FEB. 8, 1906, 40 So. REP. 80.]

1   *Trespass; Cutting Trees; Ownership.*—In the absence of a showing that there is a separate estate in the land and in the

[Brasher v. Shelby Iron Company.]

trees growing thereon, the owner of the land is the owner of the trees thereon, under §§ 4137 and 4138 of Code.

2   *Adverse Possession; Notice; Statutes.*—One who went upon land without color of title or bona fide claim of inheritance or purchase and had not held the same adversely for ten years before the enactment of the Statute of February 1893, Code 1896 §§ 1541-1546 cannot be said to hold adversely unless he shows a compliance with the statute as to the filing and record of his declaration to so claim.

3.  *Trespass; Title; Adverse Possession; Statutes.*—The defendant having shown a paper title to the land upon which the trees were growing, and the plaintiff failing to show adverse possession under the statutes, §§ 1541-1546, of Code, of 1896, and under the facts of this case the burden being on him to show a compliance with these statutes, he failed to make out his title to the trees, and therefore he could not recover under §§ 4137-4138, Code of 1896.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

This was an action for the recovery of the ten dollars a tree penalty prescribed by § 4137 of the Code. The facts necessary to an understanding of the opinion, sufficiently appear therein. The court, at the request of the defendant, gave the affirmative charge. There was verdict and judgment for defendant, and plaintiff appeals.

SAM WILL JOHN, for appellant.—This is a personal action in debt.—*Turner Coal Co. v. Glover*, 101 Ala. 289. The act of Feb. 1893, §§ 1541, 1546, inclusive, have therefore, no application to this case. This statute is applicable only to actions of ejectment, or statutory real action in the nature of ejectment.—*Holt v. Adams*, 121 Ala. 664; *Scale v. Otts*, 127 Ala. 582; *Sledge v. Singley*, 139 Ala. 346; *Bollings v. M. & M. Ry. Co.*, 128 Ala. 554. Having adverse possession of the lands for more than ten years before the defendant company cut the trees, plaintiff was armed with all the power of offense and defense which an unbroken chain of title confers.—11 Ala. 1028; *Barclay v. Smith*, 66 Ala. 232; *McInerny v. Irwin*, 90 Ala. 276. A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction.—2 Lewis' Sutherland Statutory Construction, Sec. 565. Statutes author-

[Brasher v. Shelby Iron Company.]

izing new methods of proof must be followed with strict-
ness.—Ib. Sec. 567.

BROWN & LEEPER, for appellee.—The evidence clearly
establishes that plaintiffs possession did not ripen into
a title before Feb. 11, 1893. It also clearly shows that
his possession was without claim or color of title, and
that, he had never filed any notice of his claim to the
land in the office of the judge of probate.—*Scales v.
Otts*, 127 Ala. 582; *Bolling v. M. & M. Ry. Co.*, 128 Ala.
550. It thus becomes evident that the title to the land
was a fact in issue, and the right created by the statute
is limited and confined to the owner of the land, to him
who owns a legal title.—*White, McLane & Morris v.
Farriss*, 124 Ala. 461.

ANDERSON, J.—This was an action under section
4137 of the Code of 1896 to recover the penalty therein
prescribed for cutting trees. This section gives this right
of action only to the owner. Section 4138 defines the
owner to be the owner of the timber, when one owns the
timber and another owns the land. So, if there is no
ownership of the timber apart from the ownership of
the land, the ownership of the timber would necessarily
be in the person who owned the land.

The cutting of the timber was not disputed and the
defendant proved a complete paper title from the govern-
ment down. The plaintiff attempted to establish his
ownership of the timber by proving title to the land by
adverse possession, and the defendant having the paper
title, he had to show such an adverse possession of the
land for ten years before the timber was cut as would
give him title thereto.

Plaintiff proved a *possessio pedis* to a small portion of
the land for from fifteen to eighteen years any possessory
acts as to all of it, such as cutting wood and paying taxes
on it. Pretermitting the question as to whether or not
the possession proved by the plaintiff was sufficient un-
der other conditions to amount to an adverse possession,
it would not be so considered in this case. There was
no proof of possession for ten years prior to the act of
February, 1893, now contained in sections 1541 to 1546

[McCarley v. White.]

inclusive, of the Code of 1896, and no evidence of the declaration there required, and no proof that plaintiff went into the possession, "under color of title or bonai fide claim of inheritance or of purchase;" consequently, the plaintiff failed to show that he was the owner and was therefore not entitled to recover.—*Bolling v. M. & M. Ry. Co.*, 128 Ala. 550.

Counsel practically concedes that plaintiff's failure to comply with the statute would be fatal to his recovery if this was an action of ejectment, but contends that said statute has no application in the case at bar. We cannot concur in this contention as the plaintiff in order to recover must have shown that he was the owner of the trees, and the only attempt he made to establish his ownership was by adverse possession of the land, and the title to which was necessarily involved.

The judgment of the circuit court is affirmed.

HARALSON, DOWDELL and DENSON, JJ., concurring.