# Anthony, *et al. v.* Seed.

### *Ejectment.*

(Decided April 10, 1906.  40 So. Rep. 57.)

1. *Appeal; Assignment of Error; Joint Assignment.*—Unless the error complained of is injurious to all the appellants, it is not available to any, when the assignment is joint.

2. *Trial; Instructions; Necessity of Requesting Instructions.*—If defendants conceived that they were prejudiced by an instruction which failed to state certain limitations as to the time a donor may revoke a parol gift of land, they should have requested written explanatory charges covering that point.

4. *Same; Assumption of Fact.*—A charge which asserts that where a tenant holds possession under another as landlord, such person is estopped to deny the landlord's title, is not objectionable as assuming a fact about which there was conflict in the testimony.

5. *Same; Form.*—The fact that the name of one of the attorney's representing the plaintiff was printed on the upper left hand corner of the paper upon which certain charges were written, and given by the court, at plaintiff's request, does not render the charges objectionable; especially in the absence of an affirmative showing that the court's attention was called to the fact, and a ruling invoked upon it.

APPEAL from Tuscaloosa County Court.

Heard before HON. HENRY B. FOSTER.

This was action commenced by W. D. Seed against Levi Anthony, John Anthony, Tom Anthony, Eddie Prince, Susie Prince, and Mose Prophet to recover of them certain lands described in the complaint. Eddie Prince disclaimed interest or possession in any of the lands sued for. There was suggestion of record by Levi, John, Tom, and Rebecca Anthony and Mattie Beale of a

three-year adverse possession and permanent improvement. The defendant Levi Anthony entered a plea of not guilty as to a certain 25 acres of land and disclaimed title or possession in any of the balance. The defendant John Anthony entered a plea of not guilty as to certain other 25 acres of land, and disclaimer of title or possession in any of the balance of the land. The defendant Tim Anthony entered plea of not guilty as to 13 1-2 acres of the land, and the disclaimer of title or possession as to the balance of the land. The defendant Susie Prince entered a plea of not guilty as to 50 acres of the land, which was particularly described, and a disclaimer of title or possession as to the balance of the land. Defendant Mattie Beale, as landlord of Moses Prophet, entered a plea of not guilty as to the remainder of the land, which is particularly described in her plea, and a dis-claimer as to all the other land claimed by the other defendants. There was jury trial and verdict separately against each defendant for the land as to which each had entered a plea of not guilty, and a general verdict for plaintiff on pleas of disclaimer. The appeal was prosecuted jointly by Levi, Tom, and John Anthony.

No leave for severance in the assignment of error was asked for or granted in this court, and there was a joint assignment of error. The second assignment of error is that the court erred in sustaining the plaintiff's objection to this question: "State whether or not, in his lifetime, you ever heard your father, Levi Anthony, Sr., say that he had given that certain tract of land in ques-tion known as the 'Frank Ridge Place,' to the defendant Levi Anthony." The third assignment of error relates to the sustaining of plaintiff's objection to the question: "State whether or not your father, Levi Anthony, Sr., ever said in your presence that he had given to the de-fendant John Anthony the lands claimed by him in this suit, being 25 acres, more or less, known as the 'Potato Ridge Place." The ninth assignment of error is as fol-lows: "The court erred in giving each and every one of the above charges, A, B, C, and D, at the instance of the appellee, for the reason that each of them had on it the name of the attorney A. S. Vandergraff, who as the record shows was attorney for plaintiff."

The court, at the request of the plaintiff, gave the following written charges: Charge A: "The court charges the jury that if they believe from the evidence that any defendant attorned to Walter Smith, and held as a tenant under said Walter Smith, then the jury, if they believe all the evidence in the case, must find for the plaintiff against such defendant. Charge B: "The court charges the jury that a parol or verbal gift of land does not pass the title to the land, but that its effect is to make the donee a tenant at will of the donor, who can revoke the gift at any time he sees fit, and that, in order for one holding under such gift to acquire a title against the giver and those who may hold under him, such donee must hold the land openly, notoriously, and in hostility to the donor and all the world for a continuous period of ten years." Charge C: "Where a tenant holds possession under another as his landlord, he is estopped from denying the title of his landlord." Charge D: "The court charges the jury that, if any one of the defendants became a tenant or held possession as a tenant under the plaintiff of the land sued for, then the jury, if they believe all the evidence in the case, must find for the plaintiff as against such defendant."

The bill of exceptions contains the following statement: "On each of the above charges given at the instance of the plaintiff, as above stated, there appears in print at the upper left-hand corner these words, 'A. S. Vandegraff, attorney at law, Tuscaloosa, Ala.,' and to the giving of each of these charges the defendant separately and severally excepted." The defendant relied on a mortgage executed by Levi Anthony, Sr., and his wife, to Lucy A. Prude, executed on the 27th day of July, 1893, conveying the lands sued for; on written transfers through the parties named therein to Jennie D. Smith; and on a foreclosure of the mortgage and a quit-claim deed from Jennie D. Smith and husband, Walter Smith, to plaintiff. The defendants claim the land to which they entered a plea of not guilty by parol gift and statute of limitations.

DANIEL COLLIER & M. T. ORMOND, for appellant.—

The court erred in refusing to let the witness Tom Anthony state what his father had told him in reference to the land.—83 Ala. 147; *Humes v. O'Brien,* 74 Ala. 64; *Pittman v. Pittman,* 124 Ala. 210; *Hill v. Helton,* 80 Ala. 572. The presumption being in favor of its competency, it is incumbent on the party affirming its incompetency to show that it falls within the statutory exclusion.—*A. G. L. Ins. Co. v. Sledge,* 62 Ala. 566; *Hendricks v. Kelly,* 64 Ala. 388; *Dismukes v. Tolson,* 67 Ala. 386. The court erred in giving the written charge A at the request of the plaintiff.—32 Ala. 569; 35 Ala. 96; 37 Ala. 317; 27 Ala. 267; *Pullman Car Co. v. Adams,* 120 Ala. 581. Charge B. was improper.—57 Ala. 304; 75 Ala. 225; 3 Brickell's Dig. 317. Under the facts in this case, the claim of title had ripened into a full title. *Lee v. Thompson,* 99 Ala. 98.

VANDEGRAFF & SPROTT and ROBINSON BROWN, for appellee.—No brief came to the reporter.

TYSON, J.—This appeal is by three defendants jointly, and the assignments of error are joint. "It is a settled rule that assignments of error made jointly by the appellants are not available, unless the error is injurious to all."—*Bowling v. M. & M. Ry. Co.,* 128 Ala. 550, 554, 52 L. R. A. 395, 86 Am. St. Rep. 134, and cases there cited; *Wilson v. Alston,* 122 Ala. 630, 25 South. 225; *Beachman v. Aurora Silver Plate Mfg. Co.,* 110 Ala. 555, 18 South. 314; *Killian v. Cox,* 132 Ala. 664, 32 South. 738; *Woodruff v. Smith,* 132 Ala. 81, 31 South. 491.

The second and third assignments of error are based upon exceptions taken to the rulings of the court in sustaining certain questions, which, if answered, could not have benefited the defendant (appellant here) Tom Anthony, since they had no reference to the title to the parcel of land in controversy claimed by him in which his coappellants claimed no interest. The ruling, therefore, was clearly innocuous as to him; and, indeed, upon the same consideration, the two other appellants cannot jointly complain of the rulings, however much they may have been prejudiced separately thereby. They have

not a joint or common interest in the subject-matter to which both the questions relate. They should, therefore, in order to have these assignments reviewed, have obtained leave to sever in their assignments of error and assigned errors separately and not jointly.

Charge A, given at the request of the plaintiff, was not abstract, and asserted a correct proposition of law when applied to the testimony in the case. It is clearly not subject to the criticism indulged in of it by appellant's counsel, and the cases cited in support of them have no application. This also disposes of the contention made against the correctness of charge D.

The only criticism that can be successfully indulged against charge B is that it is misleading in failing to state the limitation as to time within which a donor may revoke a verbal gift of land. It is clearly otherwise unobjectionable under our decisions.—*Collins v. Johnson,* 57 Ala. 304; *Boykin v. Smith,* 65 Ala. 294, 300; *Potts v. Coleman,* 67 Ala. 221, 227; *Vandiver v. Stickney,* 75 Ala. 225, 227; *Gafford v. Strauss,* 89 Ala. 283, 7 South. 248, 7 L. R. A. 568, 18 Am. St. Rep. 111; *Lee v. Thompson,* 99 Ala. 95, 97, 11 South. 672. For this infirmity it cannot be affirmed that the court erred in giving it. If the defendants conceived that they would be prejudiced by it, they should have requested an explanatory charge. —*A. G. R. R. Co. v. Burgess,* 119 Ala. 555, 25 South. 251, 72 Am. St. Rep. 943; 2 Mayfield's Dig. p. 573, § 214.

Charged C, as is urged, does not assume that any of the defendants held as a tenant but correctly states an abstract principle of law.

It was of no consequence that these charges were written on a piece of paper upon which was printed, "A. S. Vande Graff, attorney at law, Tuscaloosa, Alabama," and that Mr. Vande Graff was one of the attorneys representing the plaintiff. The fact that he was representing the plaintiff was, of course, known to the jury, and it is not perceivable how the fact that the charges were written upon his letter heads could have had any possible influence upon the verdict of the jury. Furthermore, it does not affirmatively appear that they were so written was called to the attention of the court and that a

[Mobile Dry Docks Co., *et al.*, v. The City of Mobile.]

ruling was invoked upon an objection to them on that ground.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.