# Lehman, *et al. v.* Gunn, *et al.*

*Creditor's Bill to Subject Proceeds of Insurance Policy to the Payment of Debts.*

(Decided Feb. 6, 1908.   45 South. 620.)

1. *Insurance; Proceeds; Rights of Creditors.*—Where the debt was created after the issuance of the life insurance policy the creditor cannot claim the proceeds as against the beneficiary.

2. *Equity; Admission; Pleading.*—Where the bill alleged the making of notes of a date subsequent to the issuance of the policy and the answer admitted the justness of the claim such admission does not admit the prior existence of the claim so as to entitle the holder to payment from the proceeds as an existing creditor.

3. *Fraudulent Conveyances; Fraud as to Creditors; Insolvency.*—Although the policy of life insurance was issued at a time when the insured was insolvent and unmarried the fact that the policy was made payable to his parent is not sufficient proof of mala fides to show fraud as to creditors.

4. *Appeal and Error; Joint Assignment.*—Where the assignment of error is joint injury must be shown as to all to render it available to any.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Action by Charles T. Lehman and others against William R. Gunn and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

H. K. WHITE, JAMES A. MITCHELL, and E. H. DRYER, for appellant.

MOUNTJOY & SELHEIMER, and A. LATADY, for appellee.

24 R

DENSON, J.—On December 4, 1895, George T. Winton applied to the Mutual Benefit Insurance Company, of Newark, N. J., to issue to him a policy on his life for $5,000, naming his father and mother in the application as beneficiaries. On December 13, 1895, the policy was issued on his life for said amount by the company, naming the insurant's father and mother as the beneficiaries. On January 15, 1896, the insurant died. Under a compromise effected with the beneficiaries, the company paid to W. R. Gunn, as attorney in fact for the beneficiaries, the sum of $2,500 in full settlement of the policy. The beneficiaries resided in Tennessee, and the money was paid to Gunn in that state. On the 19th of March, 1896, Gunn paid the money over to the beneficiaries, and on the following day Gunn received from one of the beneficiaries the sum of $1,000, as he contends, for his expenses and for his services in procuring the settlement. Gunn qualified as the administrator of Winton. On October 7, 1898, creditors of Winton filed this bill against Gunn and the Mutual Benefit Life Insurance Company, seeking to subject to the payment of their claims the proceeds of the policy of life insurance issued on Winton's life.

On a former appeal in this case (124 Ala. 213, 27 South. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159), it was held that the bill contained equity, and that upon proof of its allegations complainants would be entitled to the relief sought. It now appears, from the allegations and proof, that at the time of the issuance of the policy certain of the creditors who join as complainants in the bill were not existing creditors of Winton. The bill, it is true, alleges the claim of each of the complainants; but some of the claims, as alleged, show that the debt was not created until after the policy was issued. For illustration, some of the claims as shown by the bill are evi-

denced by notes which bear date in January, 1896, and there is neither averment nor proof that the indebtedness was created earlier. While the notes are evidence of the indebtedness at the time they bear date, they are not evidence that the debt for which they were given existed prior to their date. The answer, it is true, admits the justness of the debts alleged; but there being no allegation as to when these debts were created, except by the dates of the notes, the admission cannot be used to show prior indebtedness, but only the indebtedness as alleged. In other words, the admission does not go beyond the averments of the bill.

It is not insisted that there was actual fraud in the transaction by which the policy was made payable to Winton's father and mother; but, if it were, such claim could find no support in the proof. While Winton was unmarried and insolvent at that time, no mala fides as to this transaction is apparent from the facts. Those creditors, then, whose claims had not accrued at the time of the issuance of the policy, cannot complain of the fact that its proceeds were voluntarily diverted from Winton's estate.—*Wilson v. Stevens,* 129 Ala. 630, 29 South. 678, 87 Am. St. Rep. 86; *Yeend v. Weeks,* 104 Ala. 339, 16 South. 165, 53 Am. St. Rep. 50; *Gilliland v. Fenn,* 90 Ala. 230, 8 South. 15, 9 L. R. A. 413; *Dickson v. McLarney,* 97 Ala. 383, 12 South. 398; *Craft v. Wilcox,* 102 Ala. 378, 14 South. 653. As to subsequent creditors, therefore, the action of the court in dismissing the bill on final hearing on pleadings and proof was harmless, if erroneous.

The appeal is a joint one by all the complainants. No severance was sought, and the assignments of error are joint, attacking the integrity of the decree as to all the appellants. It is a familiar rule that, where error is jointly assigned, injury must be shown to all joining in

[Darden v. Schuessler.]

such assignment.—*Woodruff v. Smith*, 132 Ala. 81, 31 South. 491; *Killian v. Cox*, 132 Ala. 664, 32 South. 738; *Bowling v. M. & M. Ry. Co.*, 128 Ala. 550, 29 South. 584, 52 L. R. A. 395, 86 Am. St. Rep. 134; *Hillens v. Brinsfield*, 113 Ala. 304, 21 South. 208; *Lillich v. Moore*, 112 Ala. 532, 20 South. 452.

The decree of the chancery court is affirmed.

Affirmed.

Tyson, C. J., and Simpson and McClellan, JJ., concur.