[Chaney, et al. v. The State.]


# Chaney, *et al. v.* The State.

### *Larceny.*

(Decided April 11, 1912.    58 South. 685.)

1. *Evidence; Accomplices; Sufficiency.*—Section 7897, Code 1907, prohibits a conviction for a felony on the uncorroborated testimony of an accomplice, and where the only evidence against a defendant was that of his accomplices, he is entitled to have a verdict directed for him.

2. *Appeal and Error; Joint Appeal; Error as to One.*—Where several defendants are jointly tried and convicted, reversible error as to one, while working a reversal as to such one, will not work a reversal as to the others.

3. *Same.*—Under section 6264, where error appears as to only one of several defendants jointly tried and convicted, the cause will be reversed and remanded as to the one and affirmed as to the other.

4. *Assignment; Criminal Case.*—The rule in civil cases that where error is jointly assigned by all the appellants, error not prejudicial to all will not be regarded, does not apply in criminal appeals.

APPEAL from Clark Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Green Chaney and others were convicted of larceny, and they appeal. Reversed and remanded as to Green Chaney and affirmed as to the others.

J. F. ALDRIDGE, and JOHN S. GRAHAM, for appellant. The defendants were entitled to have a verdict directed because of the fact that the only evidence connecting the defendants with the crime was that of accomplices. —Sec. 7897, Code 1907 ; *Davis v. The State,* 59 Ala. 104.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly refused to direct the verdict for want of evidence other than that of accomplices.—*Malachi v. The State,* 89 Ala. 131; *Ross v. The State,* 74 Ala. 532;

*Marler v. The State,* 68 Ala. 580. The authority of the court to reverse and remand as to one of several defendants who jointly take an appeal, and to affirm as to the others is found discussed in the following cases.—*Gassenheimer v. The State,* 52 Ala. 313; 48 Miss. 234; 51 Miss. 396; 31 Gratt. 836; 52 Ill. 395; 87 Mo. 268.

PELHAM, J.—This appeal is prosecuted by four defendants, Green Chaney, Walter Hill, Jim Williams, and Ivey McMillan. The record shows the defendants were jointly indicted and tried for grand larceny, but were separately arraigned, and each pleaded not guilty. The jury returned a verdict of guilty against all of the defendants, and a separate judgment of conviction and sentence was entered by the court against each of the four defendants.

The corpus delicti was proven by witnesses not connected with the commission of the offense, and a consideration of all the evidence set out in the bill of exceptions shows sufficient corroborative testimony connecting the three defendants, Walter Hill, Jim Williams, and Ivey McMillan, with the commission of the offense to authorize a conviction as to them on the testimony of their accomplices, but there is no testimony that can be fairly construed as in any way connecting the defendant Green Chaney with the commission of the offense, except that given by the two accomplices who were examined in behalf of the state, and who testified to the participation of the defendants jointly with themselves in committing the crime. The uncorroborated testimony of accomplices is not sufficient to authorize the conviction of a defendant charged with a felony (Code 1907, § 7897), and the defendant Green Chaney, having requested in writing the general charge in his behalf, is en-

[Chaney, et al. v. The State.]

titled to a reversal of the case as to him for the court's refusal to give the charge.

There is no other error as to any of the defendants shown, and the error pointed out does not work a reversal of the case as to the other defendants.

Nor does the same rule obtain as in civil cases where there must be an assignment of errors, and errors assigned jointly by all of the appellants are disregarded where they are not prejudicial to all, and are therefore not available to some of them in matters affecting only their rights, when there has been no severance and a separate assignment of errors.—*Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241; *Lillich et al. v. Moore,* 112 Ala. 532, 20 South. 452; *Anthony v. Seed,* 146 Ala. 193, 40 South. 577; *Lehman v. Gunn,* 154 Ala. 369, 45 South, 620; *Davis v. Vandiver,* 160 Ala. 454, 49 South. 318.

Under the statute (Code 1907, § 6264) regulating considerations of appeals in criminal cases, "no assignment of errors, or joinder of errors, is necessary; but the court must consider all questions apparent on the record or reserved by the bill of exceptions, and must render such judgment as the law demands," and the record showing reversible error in the proceeding on the trial of the defendant Green Chaney which resulted in a judgment of conviction against him, from which he prosecutes this appeal, and no error being shown as to the other defendants, the judgment of conviction against the said Green Chaney is set aside and the case reversed and remanded alone as to him, and the judgments of conviction as to each of the other defendants is affirmed.

Reversed and remanded as to the defendant Green Chaney; affirmed as to each of the other defendants.