140 So. 748

**STACEY et al. v. TALIAFERRO et al.**

**3 Div. 957.**

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

C. L. Hybart, of Monroeville, for appellants.

Hamilton & Jones, of Evergreen, for appellees.

## BROWN, J.

By agreement of the parties five suits pending on the equity docket were consolidated and submitted in the circuit court as one case, which was disposed of by a single decree from which ten of the parties jointly prosecute this appeal, and the case was submitted here on a joint assignment of errors, without severance in the assignment of errors.

The rule is well settled that where errors are jointly assigned injury must be shown to all parties joining in the assignment to sustain it. Cook et al. v. Atkins, 173 Ala. 363, 56 So. 224; Alabama Penny Savings Bank v. Holmes, 184 Ala. 469, 63 So. 969; Mobile Temperance Hall Ass'n v. Holmes et al., 195 Ala. 437, 70 So. 640; Hall et al. v. First Bank of Crossville, 196 Ala. 627, 72 So. 171; Chavers et al. v. Mayo, 202 Ala. 128, 79 So. 594; Davis et al. v. W. F. Vandiver & Co., 160 Ala. 454, 49 So. 318; Barrett et al. v. Doe ex dem. McCarty, 157 Ala. 449, 48 So. 49; Anthony v. Seed, 146 Ala. 193, 40 So. 577; Lehman et al. v. Gunn et al., 154 Ala. 369, 45 So. 620.

The appellants claim an interest in the lands involved in this litigation as the heirs at law of W. T. Stacey and his wife Sophia Stacey, both deceased; and the appellee Taliaferro claims under mortgages executed by W. T. Stacey, and their foreclosure, and under judgment liens obtained against Stacey prior to his death.

The first assignment imputes error to the decree in so far as it denied the claim of some of the appellants, asserted in their bill filed December 24, 1925, that a certain quitclaim deed, purporting to have been executed on the 26th day of March, 1910 (and filed for record November 15, 1911), by J. C. Stacey and his wife Susie Stacey, Leila Stacey, Ruby Stacey, Sadie Stacey, Mattie Stacey, and her husband R. C. Farrish, to W. T. Stacey, was a forgery. The bill in that case was filed by the appellants J. C. Stacey, Leila Stacey Lee, Ruby Stacey, and Sadie Stacey Owens, against W. T. Stacey and the appellee Taliaferro and others, whose interest he acquired before the case was submitted. The bill sought the cancellation of the quitclaim deed and the mortgages subsequently executed by W. T. Stacey, under which appellee Taliaferro claims as clouds on their title.

Mattie Farrish, who appears to have joined in the execution of the quitclaim deed, did not join as a complainant, and as to the other appellants, the deed upheld by the decree did not affect their interests, and they were in no way prejudiced thereby. This assignment of error, therefore, cannot be sus-

tained. Davis et al. v. W. F. Vandiver & Co., 160 Ala. 454, 49 So. 318.

■■ The second assignment imputes error in the decree of the court in so far as it adjudges that the appellee Taliaferro has an undivided interest in the east half of the southeast quarter of the southeast quarter of section 35, township 9, range 10 east, situated in Conecuh county.

It is conceded by appellee that this twenty-acre tract is not covered by the foreclosure deed, nor specifically described in any of the mortgages executed by W. T. Stacey, but appellee contends, first, that the proceeds derived from the foreclosure sale were not sufficient to satisfy the mortgage debts, and that following the specific description by government numbers of a large tract, or several tracts, the description was supplemented in two of said mortgages by the following: "It being intended to cover and describe all of the real estate owned by the grantor here-in named," and in the other, "Being intended to cover and describe all of the real estate owned by the grantor herein named."

It is well settled that where a conveyance clearly and specifically describes the premises conveyed by metes and bounds, or by the government survey, so that the property conveyed may be readily ascertained, such description must prevail over general words of description, the presumption being that the grantor intended to convey only the lands particularly and clearly described; but this presumption may be rebutted in a court of equity. Garner et al. v. Morris, 187 Ala. 658, 65 So. 1000; Pettit et al. v. Gibson, 201 Ala. 177, 77 So. 703.

The fact that the mortgagee in the foreclosure proceedings only foreclosed as to the lands specifically described tends to confirm the presumption that this twenty-acre tract was not covered by the mortgages.

The other contention of appellee is that this land was covered by the bill filed by some of the appellants to cancel the quitclaim deed, and other pleadings in respect thereto, which indicated that the mortgages embraced said land, and they are now estopped to assert error in the decree. It would seem a sufficient answer to this contention that the deed alleged to have been made to W. T. Stacey described this tract along with other lands, and therefore it was necessary to the relief sought by that bill that it be so included.

We are therefore of opinion that the court erred in adjudging that Taliaferro had an undivided interest in said twenty-acre tract, and in this respect the decree will be corrected so as to adjudge that appellants are the joint owners of said tract, each owning a one-tenth interest therein, subject to the judgment liens established by the decree.

The same is true as to the lands described as the east half of the northwest quarter (except the east half of the east half of the east half of the northwest quarter) of section 2, township 8, range 10 east, which is better described as the west half of the east half of the northwest quarter and the west half of the east half of the east half of the northwest quarter of said section 2.

If the title to this land was in W. T. Stacey and Sophia Stacey, and was not embraced in the mortgages and foreclosure deed under which appellee claims, the title vested, at the death of appellants' ancestors, in them as heirs at law, and each had a one-tenth interest in said lands, subject to said judgment liens.

Therefore, the trial court was in error in decreeing that some of the appellants owned only a seven-eightieths undivided interest, while others had only nine-eightieths undivided interest in said tract, and in this respect the decree will be here corrected.

The fourth assignment of error questions the integrity of the decree in holding that the appellee Taliaferro owns an undivided one half interest in the tract, consisting of five hundred twenty acres, known as the Thomas Mancill lands, and that the title to the other half interest is in E. G. Stacey, a brother of W. T. Stacey, deceased, and an uncle of the appellants. In dealing with this assignment on the original consideration of the case, it was erroneously assumed that it was embraced in the quitclaim deed executed by appellants and Mrs. Farrish and her husband to W. T. Stacey, and therefore was in the same status as assignment of error 1, and for this reason the assignment was not treated.

E. G. Stacey and W. T. Stacey married the two sisters of Thomas Mancill, and the appellants, the children of W. T. and Sophia Stacey, claim title through inheritance from their mother, now deceased, asserting that in the early eighties, some time prior to 1884, said Thomas Mancill left the community where he lived in Conecuh county, and moved to Texas, and has not been seen or heard from for many years, and at the time of his departure made a parol gift of the land to his two sisters, who took immediate possession thereof, and therefore, although they had no written conveyance, it must be presumed that said Thomas Mancill is dead, and that the title to the property passed through the processes of devolution to his sisters as his sole heirs at law, and that the interest of Sophia passed to the complainants, her children and heirs at law at her death.

The appellee, on the other hand, contends that this tract, with the exception of one eighty, was levied on and sold under executions issued against said Mancill in the year 1884, and purchased by E. G. and W. T. Stacey, to whom the sheriff of Conecuh county

executed his deed, an authenticated copy of which was offered in evidence, showing that said deed was filed for record and duly recorded in the office of the judge of probate on the 9th day of December, 1884, in "Deed Book K. at page 175." It appears on the face of the copy that lines have been drawn through some of the calls in the description, to illustrate, "W 1/2 of the N E 1/4, E 1/2 of the N W 1/4," and appellants insist that indulging the presumption of authenticity and correctness of the record, this was the condition of the deed at the time it was entered of record, and when so treated the deed does not undertake to convey all the lands embraced in this tract, and therefore that appellants have title to so much of the land as was not conveyed by said deed.

Another contention of the appellants is that the deed was never delivered, and they offered testimony of E. G. Stacey, one of the grantees, to the effect that the deed was not delivered to him, and, so far as he knew, was not delivered to his brother W. T. Stacey, the other grantee.

■ The deed evidenced by this authenticated copy appears to have been duly executed and acknowledged, and was an ancient document admissible in evidence, and its recordation was prima facie evidence that it was delivered. Code 1923, § 6876; Berow v. Brown, 208 Ala. 476, 94 So. 772; Wells, Adm'r, et al. v. American Mortgage Co. of Scotland, Ltd., 109 Ala. 430, 20 So. 136; Sheffield Land, Iron & Coal Co. v. Neill, 87 Ala. 158, 6 So. 1.

■ The testimony of E. G. Stacey was not sufficient to overcome the presumption of delivery arising from the recordation of the deed. Wells, Adm'r, et al. v. American Mortgage Co. of Scotland, Ltd., supra; Sheffield Land, Iron & Coal Co. v. Neill, supra.

■ While prima facie it will be presumed that alterations of public records were made for correction by some one with authority to make them, yet this is a rebuttable presumption and may be overcome by sufficient countervailing evidence. Laird et al. v. Columbia Loan & Investment Co., 216 Ala. 619, 114 So. 208.

■ In the case at bar some of the testimony in respect to the condition of the record of the sheriff's deed was given ore tenus, and it appears that the trial court had before it the record book for inspection. It further appears that the Staceys, E. G. and W. T., for many years, assessed the lands involved in the Mancill tract for taxes, and they sold and conveyed the timber thereon, and gave mortgages thereon. Therefore, we cannot affirm that the trial court erred in holding that mutilation of the record was without authority, and had been entered thereon after the deed was recorded.

As we have stated before, the sheriff's deed did not cover one eighty belonging to the Mancill tract. This eighty was sold for taxes and bought in by one Mixon, and after he obtained a tax deed thereto, E. G. Stacey and W. T. Stacey purchased from him and received his deed therefor.

So, we are at the conclusion that error does not appear in respect to this branch of the case.

The decree of the circuit court will be corrected as hereinbefore indicated, and as so corrected it will be affirmed. The appellee, Taliaferro is taxed with the cost of the appeal. Kinney v. Pollak, 223 Ala. 654, 137 So. 669.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.