(100 South. 488)

## POSEY v. DODSON. (6 Div. 128.)

(Supreme Court of Alabama. May 22, 1924.)

**1. Vendor and purchaser ⬤⇒254(2)—Lien on land for unpaid purchase money.**

In absence of agreement to contrary, vendor retains lien on land for unpaid purchase money, though he has conveyed by absolute deed, reciting that purchase money has been paid, except as against bona fide purchasers without notice.

**2. Vendor and purchaser ⬤⇒281(1)—Burden on vendee to show lien has been waived.**

When vendor makes proof that part of purchase money remains unpaid, burden shifts to vendee to show lien therefor has been intentionally waived or displaced or relinquished by agreement or by consent of parties, and if it remains in doubt lien attaches.

**3. Homestead ⬤⇒96—Lien of vendor superior to vendee's claim of homestead.**

Lien of vendor for purchase money of land is superior to claim of vendee of land as homestead under Code 1907, § 4162.

**4. Vendor and purchaser ⬤⇒266(7)—Right to foreclose vendor's lien not barred by suit and judgment at law.**

Action at law and judgment for purchase price of land and levy of execution, sale under which was prevented by setting up homestead exemption claim, is not a waiver of vendor's lien and does not estop vendor from subsequently suing in equity for enforcement of lien, though there can be but one satisfaction.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Bill in equity by Ada Dodson against Julius H. D. Posey, seeking the enforcement of a vendor's lien upon lands. From a decree granting relief prayed, respondent appeals. Affirmed.

W. F. Finch, of Jasper, for appellant.

A vendor, though he may have a lien, can waive the same or estop himself from enforcing or asserting it. Chapman v. Lee, 64 Ala. 483; Dowling v. McCall, 124 Ala. 633, 26 South. 959; Eudora M. & D. Co. v. Barclay, 122 Ala. 506, 26 South. 113; Glover v. Walker, 107 Ala. 540, 18 South. 251; Cook v. Atkins, 173 Ala. 363, 56 South. 224; Crampton v. Prince, 83 Ala. 246, 3 South. 519, 3 Am. St. Rep. 718; Finnell v. Finnell, 156 Cal. 589, 105 Pac. 740, 134 Am. St. Rep. 143; Hubbard v. Buck, 98 Ala. 440, 13 South. 364; Walton v. Young, 132 Ala. 150, 31 South. 448; Jackson v. Stanley, 87 Ala. 270, 6 South. 193. Where a person has an election between two inconsistent rights, he cannot resort to the one without waiving the other. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944; Zavelo v. Cohen Bros., 156 Ala. 517, 47 South. 292; Fuller v. Eames, 108 Ala. 464, 19 South. 366; Hickman v. Richburg, 122 Ala. 638, 26 South. 136; Tanner & Delaney Eng. Co. v. Hall, 89 Ala. 628, 7 South. 187; Lehman, Durr & Co. v. Van Winkle, 92 Ala. 443, 8 South. 870; Thomason v Lewis, 103 Ala. 426, 15 South. 830; Montgomery Iron Works v. Smith, 98 Ala. 644, 13 South. 525; Barbour Plumbing Co. v. Ewing, 16 Ala. App. 280, 77 South. 430.

S. T. Wright, of Fayette, for appellee.

A vendor has a lien for the unpaid purchase price of land, and appellee's lien was not waived by her conduct. Gordon & Stokes v. Bell, 50 Ala. 213; Bankhead v. Owen, 60 Ala. 457; Chapman v. Lee, 64 Ala. 483; Dowling v. McCall, 124 Ala. 634, 26 South. 959; Acree v. Stone, 142 Ala. 156, 37 South. 934; Nance v. Gray, 143 Ala. 239, 38 South. 916, 5 Ann. Cas. 55; Spears v. Taylor, 149 Ala. 180, 42 South. 1016, 13 Ann. Cas. 867.

MILLER, J. This is a bill in equity to enforce a vendor's lien on land for balance of purchase money, and is filed by Ada Dodson, the vendor, against Julius H. D. Posey, the vendee.

The defendant by answer denies there is any unpaid purchase-money debt, and avers if there is any the complainant waived the lien for it and is estopped from claiming the lien, because she filed suit in the law side of the circuit court for the balance of the purchase-money debt, secured a judgment for it against him, had execution to issue and levy

made on the land sold defendant, and he prevented its sale by claiming it was his homestead, which did not exceed in area 160 acres or in value $2,000, and that it was exempt from levy and sale under the execution for this purchase price debt, evidenced by the judgment.

The cause was submitted to the court on the pleading and an agreed statement of facts, and exhibits thereto, signed by the parties. The court by decree granted complainant relief; held that defendant owed her $200 with interest, which amounted to $270 in all, balance of purchase price for the land; that she had a vendor's lien on the land for it; and ordered the land sold for its payment unless it and the cost of the cause were paid by the defendant within 15 days from the date of the decree. This appeal is prosecuted by the defendant from this decree, and it is the error assigned.

In April, 1919, complainant purchased from the defendant the S. E. ¼ of N W. ¼ of section 11, township 13, range 12, in Marion county, for $1,700. She paid him $200 cash; he executed and delivered to her a deed conveying the land, and she then executed and delivered to him a mortgage on the land to secure $1,500, the balance of the purchase price. In July, 1919, the defendant purchased this same 40 acres of land from the complainant. She then executed and delivered to him a deed conveying the land, and he canceled and delivered to her the note and mortgage held by him on the land. He claims the consideration was $1,500, which was paid by canceling and delivering to her the note and mortgage. She claims the consideration was $1,700, and the cancellation of the mortgage paid $1,500 thereof, and $200 was to be paid her, which has never been paid. The deed recites the consideration was $1,500.

The complainant demanded payment of the $200 from the defendant; he refused to pay it. The complainant on December 12, 1919, filed suit in the circuit court against the defendant for this $200, balance purchase price for sale of this land to defendant, averring he agreed to pay it to her on or about August 10, 1919. The defendant filed pleas, and the issue was contested by the parties before a jury. The agreed statement of facts contains:

"The said judgment was secured by virtue of the claim of the said Ada Dodson that said J. H. D. Posey owed her said sum and as a portion of the purchase price of said land, described in the bill of complaint in this cause [and hereinbefore set out]; that the said Posey denied that he agreed to pay said Ada Dodson two hundred dollars, but the court and jury ascertained that he did owe the said sum and that it was due by virtue of the said agreement to reconvey said land to said J H. D. Posey and as a balance of the consideration therefor, and that it was not due on account of any other thing,

and that the said cause was therefore adjudicated by a court of competent jurisdiction, but that the said Posey denied that he owed the said amount or any amount."

The jury returned a verdict in favor of plaintiff for $248, the full amount of the principal and interest to date. The court rendered a judgment thereon in favor of plaintiff, and against the defendant. Execution was issued by the clerk of the court on the judgment. The sheriff levied on this 40 acres of land involved in this cause. The defendant filed with him an affidavit claiming it as a homestead, occupied by him and as exempt from sale under the execution, because it was less in area than 160 acres and did not exceed in value $2,000, and he filed similar affidavit in the office of the judge of probate. This judgment has not been set aside, and no appeal has been taken from it by either party. This 40 acres of land is all the land owned by the defendant, its value is less than $2,000, and he was living on it and claiming it as a homestead when the sheriff levied on it under the execution, and is still living on it and claiming it as his homestead. The land was not sold under the execution.

It is evident from the pleading, proof, and agreed statement of facts that complainant sold this land to the defendant for $1,700; that he paid $1,500 of the purchase price by canceling and surrendering to her the $1,500 note and mortgage thereon; and that $200, with interest, of the purchase money remains unpaid. The court by its decree so found, and we find no error therein. It is sustained by the pleading, agreed statement of facts, and verdict of the jury in the suit, where that was the real contested issue between these parties.

[1] It has been expressly held by this court in Dowling v. McCall, 124 Ala. 634, 26 South. 960, this:

"That in the absence of an agreement to the contrary, the vendor retains a lien on land for the unpaid purchase money, although he has conveyed to the vendee by absolute deed, reciting therein, that the purchase money had been paid, which lien will be enforced against all persons, except bona fide purchasers without notice."

This same principle is stated and sustained in Bankhead v Owen, 60 Ala. 457, Cook v. Atkins, 173 Ala. 363, 56 South. 224, and many other authorities cited in these opinions.

There is nothing in the evidence to indicate that there was an agreement between the parties, the vendor and vendee, that a vendor's lien was not retained by the vendor for the balance of the purchase money. So we must presume and conclude the complainant retained a lien on the land for the unpaid purchase money. Cook v. Atkins,

173 Ala. 363, 56 South. 224, authorities supra.

[2] When the vendor makes proof, and shows that a part of the purchase money for the land remains unpaid, the burden shifts to the vendee to show the lien therefor has been intentionally waived or displaced or relinquished by agreement or by consent of the parties; and if it remains in doubt, the lien attaches. Cook v. Atkins, 173 Ala. 363, 56 South. 224; Dowling v McCall, 124 Ala. 633, headnote 3, 26 South. 959; Turner v. Turner, 193 Ala. 424, headnote 6, 69 South. 503.

[3] The lien of the vendor for the purchase money of land is superior to a claim of the vendee of the land as a homestead, and the homestead exemption claim of the vendee will not prevent the lien of the vendor from attaching in a suit to enforce the lien. The homestead exemption claim of the defendant, the vendee, in this land cannot prevail against the lien of the vendor, the complainant, in this cause for the balance of the purchase money. Section 4162. Code 1907; Stanley v. Johnson, 113 Ala. 344, 21 South. 823.

[4] The vendor of lands may sue in a court of law for the recovery of the balance of the purchase price for the vendee, and he may also sue in equity for the enforcement of the lien on the land for collection of the balance of the purchase money The vendor may pursue both remedies at one and the same time: but is entitled to only one satisfaction. By pursuing the former remedy first, if unsuccessful in collecting the purchase money he is not thereby estopped, nor does he thereby waive his right to pursue the latter remedy. Chapman v. Lee, 64 Ala. 483; Griffin v. Camack, 36 Ala. 695, 76 Am. Dec. 344; Bankhead v. Owen, 60 Ala. 464, 465; Ware v. Curry, 67 Ala. 274.

The complainant, by bringing the suit for this purchase money against defendant, obtaining judgment therefor in a court of law, having execution to issue thereon, and levy made on this land, did not thereby waive her vendor's lien on the land, nor estop her from enforcing this lien in a court of equity. No satisfaction, no payment of the purchase money, was secured by complainant from the remedy pursued in the law court. The land was not sold under the execution. The defendant, the vendee, prevented the sale of it under the execution for collection of the debt by interposing his homestead exemption claim to it. The defendant, the vendee, still retains the land, and the balance of the purchase money for it remains due and unpaid by him to the vendor. The vendor has a lien therefor on the land. It has not been displaced, waived, or relinquished, and she is not estopped from asserting it. Authorities supra.

So we must hold the court properly ordered this land sold to pay this purchase-money lien debt of complainant on it.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.