44 So.2d 604

### VOLTZ et al. v. CHILDERS et al.

#### 2 Div. 262.

Supreme Court of Alabama.

Feb. 9, 1950.

Rehearing Denied March 9, 1950.

pending the hearing of the cause and the same was revived in the name of H. H. Dale, as executor of the estate of B. M. Miller, Jr., deceased. H. H. Dale died pending the suit and the same was revived in the name of H. H. Dale, Jr., as the succeeding executor of the estate of B. M. Miller, Jr., deceased. The respondents were Mary E. Voltz, Charles D. Voltz, Jasper W. Voltz, Minnie G. Harris, Lucy V. Daniel, R. C. Daniel and Charles D. Voltz, as the administrator of the estate of Annie R. Voltz, deceased.

Whether the suit is one to remove a cloud from title, one to quiet title under the statute, or a bill for a declaratory judgment, it involves title to a certain described eighty acres of land in Wilcox County and the cutting of timber therefrom. As we see it, the nature of the suit is not here material.

Joint and several demurrers of all the respondents were interposed to the bill of complaint and overruled. All of the respondents, except R. C. Daniel, filed answers jointly and severally. As to R. C. Daniel the bill alleges "that on, to wit, May 31, 1939, the said Mrs. Annie R. Voltz and the said Mrs. Mary E. Voltz executed a mortgage to Dan G. Cook, which said mortgage is recorded in the Probate Office of Wilcox County, Alabama, in Mortgage Book 48 page 247; that on, to wit, the *15th day of April, 1944* the said mortgage was transferred to the above named R. C. Daniel by Dan G. Cook, said transfer being recorded in the Probate Office of Wilcox County, Alabama, in Miscellaneous Record 23, page 157; there is no entry of satisfaction upon the margin of the record of said mortgage; there does appear an entry upon the margin of the record of said transfer, to wit: Miscellaneous Record 23, page 157, purporting to be signed by R. C. Daniel. * * * That said mortgage hereinabove described conveys as security for the indebtedness therein mentioned certain lands in Wilcox County, Alabama, which description includes the E½ of SE-¼ of Section 35, Township 13, Range 6, in Wilcox County, Alabama." The bill prays that the court will enter an order or decree as-

Josiah Robins Bonner, of Camden, and A. S. Johnson, and W. Johnson McCall, of Thomasville, for appellants.

Wilkinson & Wilkinson, and Pitts & Pitts, of Selma, and Godbold & Godbold, of Camden, for appellees.

LIVINGSTON, Justice.

This appeal is on the record proper. The original complainants were Margaret M. Childers and B. M. Miller, Jr. Miller died

certaining and declaring the rights of complainants and their status as owners of the lands involved and direct the register of the court to enter upon the margin of the record of said mortgage that the same has been "cancelled". R. C. Daniel filed an answer disclaiming all right, title or interest in the lands involved in the suit.

Upon submission of the cause on evidence taken ore tenus, the trial court entered a decree to the effect that complainants were the owners of the lands involved and that respondents have no right, title or interest therein, enjoined respondents from trespassing and cutting timber thereon and assessed the damages for timber theretofore cut at one dollar. From the decree all of the respondents appealed. There are only three assignments of error, as follows:

"1. The court erred in overruling the demurrers to the bill of complaint.

"2. The court erred in refusing to grant a trial by jury, as demanded by appellants.

"3. The court erred in rendering the final decree purporting to determine the title of the land in controversy."

The cause was submitted in this Court on the above assignments of error, without an order of the court granting leave of severance in the assignments of error and, under the well-established rule, we are restricted to a consideration of the alleged errors that affect the rights of all the appellants. Bank of Cottonwood v. Hood, 227 Ala. 237, 49 So. 676; Interstate Electric Co. et al. v. Daniel, 227 Ala. 609, 151 So. 463; Stacey et al. v. Taliaferro, et al., 224 Ala. 488, 140 So. 748; Cook et al. v. Atkins, 173 Ala. 363, 56 So. 224; Hammock et al. v. Oakley, 228 Ala. 588, 154 So. 906.

We think no argument is necessary to demonstrate that appellant R. C. Daniel, who disclaimed all interest in the subject matter of the suit, was in no way injuriously affected by any of the three rulings of the trial court assigned as error. All three rulings were harmless as to him, and the cause must be and is affirmed.

Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.